GENERAL MOTORS TRUCK COMPANY *vs.* THE SHEPARD COMPANY.

THE SHEPARD COMPANY *vs.* GENERAL MOTORS TRUCK COMPANY.

OCTOBER 19, 1925.

PRESENT: Sweetland, C. J., Stearns, Rathbun, and Sweeney, JJ.

*(1). Appeal and Error.   New Trial.*

Where it appears from the record that a party has a claim for damages which it should be permitted to litigate, the court should not direct the entry of judgment rather than order a new trial.

*(2)   Interest.   Sales.   Warranties.*

In an action by buyer for breach of warranty against seller, plaintiff should
be allowed interest from date of writ upon whatever amount of damages
it may establish, although the same was not specifically claimed in the
declaration and its damages are unliquidated.

*(3)   Exceptions.   Errors.   Appeal and Error.*

Exception to a decision brings up any error that may inhere in such decision.

*(4)   New Trial.   Damages.*

While the court has authority to grant a new trial upon the question of
damages alone, where the evidence is conflicting upon the question of
liability, the new trial should be a general one upon all the issues.

*(5)   Sales.   Warranties.   Damages.*

In an action for breach of warranty, if a buyer does not consider the general
damages provided under the Sales Act (Gen. Laws, 1923, cap. 309, sec. 7)
adequate, he may be permitted to show proximate damage of a greater
amount arising by reason of special circumstances.

*(6)   Sales.   Warranties.   Proximate Damage.*

"Proximate damage" referred to in the Sales Act, is actual proximate dam-
age.   While necessarily in some cases the amount may be estimated, the
damages must be actual and not conjectural.

*(7)   Sales.   Warranties.   Evidence.   General Damage.*

In an action by buyer to recover for breach of warranties on a sale of trucks,
evidence to support a claim of general damages would necessarily include
the estimates of expert witnesses.   In determining the value which the
trucks would have had if they had answered to the warranties, all the
warranties including those which have somewhat the nature of executory
promises on the part of the seller, may be considered in so far as they are
found to have enhanced the value of the trucks.

*(8)   Sales.   Warranties.   Proximate Damage.*

In an action by buyer to recover for breach of warranties on a sale of trucks,
if buyer has a claim for proximate damage in so far as it relates to breaches
of warranties which are in the nature of executory promises of the seller to
perform services in connection with the trucks delivered, the buyer should
not be permitted to recover damages for nonperformance of such war-
ranties, beyond the time when the buyer abandoned further use of the
trucks.

*(9)   Sales.   Warranties.   Damages.*

In an action by a buyer for breach of warranties on a sale of trucks, under
general damage, buyer may show the added value of the trucks because of
the service by the seller during the full period for which the service was
undertaken, but upon the question of proximate loss for the failure to
perform such undertaking the loss necessarily ceased in fact and in law
when the buyer ceased to use the trucks.

Assumpsit.   Heard on motions of both parties for reargument and all motions denied.

Sweetland, C. J.    The first of the above entitled cases is before us upon the defendant's motion for reargument. The latter case is here upon a motion for reargument filed by each party.

We have examined the several motions and find therein nothing which was not fully considered by the court before filing its opinion and which is not there decided.

(1) We can not agree with the contention of the Truck Company that judgment should be ordered in its favor on the ground that there was no evidence as to damages appearing on the record which would tend to support a decision in favor of the Shepard Company.   There was some admissible evidence before the Superior Court tending to establish a claim for what we have termed general damages under the Sales Act.   Without regard to such evidence, however, it is plain from the record that the Shepard Company has a claim for damages which it should be permitted to litigate, and in justice to it the court should not exercise its statutory authority and direct the entry of judgment rather than order a new trial.

(2) The Truck Company's objection to the court's determination that the Shepard Company should be allowed interest upon whatever amount of damages it may establish at the new trial is not sound.   The Shepard Company may be allowed such interest although the same was not specifically claimed in its declaration, and although its damages are unliquidated.   *Weeden* v. *Berry*, 10 R. I. 288; *Pearson* v. *Ryan*, 42 R. I. 83; *Lonsdale Co.* v. *Woonsocket*, 25 R. I. 428. Also the Truck Company's claim that the question of interest is not before us because not specifically set out in the Shepard Company's bill of exceptions is in disregard of the practice established by this court.   Exception to a decision

(3) brings before us any error that may inhere in such decision. *Blake* v. *Atlantic National Bank*, 33 R. I. 109; *Dunn Worsted Mills* v. *Allendale Worsted Mills*, 33 R. I. 115.

The Shepard Company asks that the court modify its order remitting the case of the *Shepard Company* v. *The Truck Company* for a new trial, and direct that such new (4) trial shall be solely upon the question of the plaintiff's damages. We did find sufficient evidence to support the decision of the Superior Court that the Truck Company was bound by the contract and the warranties contained therein, as claimed by the plaintiff, and in accordance with our practice regarding findings of fact made by a justice of the Superior Court we held such finding to be without error. There was, however, substantial evidence presented by the defendant denying such liability on its part. In *Clark* v. *N. Y., N. H. & H. R. R. Co.*, 33 R. I. 83, it was held to be within the authority of this court and the Superior Court to grant new trials upon the question of damages alone. In view, however, of the conflicting evidence here upon the issue of liability, we are of the opinion that in justice to the defendant the trial should be a general one upon all the issues.

We have considered the continued insistence of the Shepard Company that as an element of its damage, arising from the alleged breach by the Truck Company of the warranties contained in the contract, it is entitled to recover the estimated loss which might have occurred in circumstances which did not arise, but are entirely conjectural. That there may be no misapprehension on this point in the course of the new trial we will again state briefly our view of the proper measure of damages in this case. The Sales Act, Section 7, Chapter 309, General Laws, 1923, provides as a measure of damages for the breach of warranty of (5) quality "the difference between the value of the goods at the time of delivery to the buyer and the value they would have had if they had answered to the warranty". This we have termed the general damages provided by the act. If a buyer does not consider such general damages adequate he may be permitted to show proximate damage of a greater amount arising by reason of special circumstances in

the case.   The latter the Shepard Company set out in its bill of particulars and attempted to show at the trial but failed for lack of admissible evidence. We hold that "proximate damage" referred to in the act is actual proxi-

(6) mate damage.   Necessarily in some cases the amount may be estimated, but the damages must be actual and not conjectural.   Apparently the Shepard Company has no claim of actual proximate damage other than that set out in the bill of particulars as to which it failed in proof.   It is therefore restricted to its general damages under the act. Such general damages the Shepard Company must establish as best it may, in accordance with the rules governing the

(7) admissibility of evidence.   Evidence to support a claim of general damages would necessarily include the estimates of expert witnesses.  In determining the value which the trucks would have had if they had answered to the warranties, we repeat from the opinion filed that all the warranties, including those which have somewhat the nature of executory promises on the part of the Truck Company, may be considered in so far as they are found to have enhanced the value of the trucks bargained for.

As we have said above, it does not appear that the Shepard Company has any claim of actual proximate damage save that which it failed to establish at the former trial.   If, however, it has such claim and should be permitted to amend its bill of particulars and to press that claim at the new trial, then, in so far as its claim relates to breaches of the warranties which are in the nature of

(8) executory promises of the Truck Company to perform services in connection with the trucks delivered, the Shepard Company should not be permitted to recover damages for nonperformance of such warranties beyond the time when the Shepard Company abandoned further use of the trucks. We have thus restated our former opinion for the reason that the Shepard Company appears to misapprehend our determination in this regard.   To state again, in connection with the question of general damage evidence may be

(9) received as to the added value of the trucks because of the service by the Truck Company during the full period for which the service was undertaken, but upon the question of actual proximate loss for the failure to perform such undertaking the loss necessarily ceased, in fact and in law, when the Shepard Company ceased to use the trucks.

The several motions for reargument are each denied. The cases will be remitted in accordance with our former order.

*Green, Curran & Hart,* for the Shepard Company.
*Edwards & Angell,* for General Motors.