JOSEPHINE FINIZIA *vs.* JOEL BRAVERMAN.

FEBRUARY 26, 1938.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

FLYNN, C. J. This is an action of the case to recover for personal injuries caused by the alleged negligent operation of the defendant's automobile. In the superior court the jury returned a verdict in favor of the plaintiff in the amount of $250, and thereupon the plaintiff made a motion for a new trial on the ground that the damages were inadequate. This motion was denied by the trial justice and the case is before us on the plaintiff's exceptions to such ruling and to other rulings during the trial, refusing to strike out certain testimony, and refusing to give certain requests to charge.

The plaintiff claims that, on the morning of August 26, 1935, she was walking westerly on the northerly sidewalk of Taunton avenue in East Providence; that she was crossing a portion of the sidewalk over which automobiles must pass to get from Taunton avenue to the driveway of an adjacent gasoline station; that the defendant's automobile came from somewhere in back of her, turned in from her

left, drove across the sidewalk toward the driveway, and in doing so knocked her down, causing various injuries which required medical attention and caused her disability for several weeks.

The evidence of the defendant tends to show that the plaintiff was walking westerly along Taunton avenue, a state road, between the car tracks and not on the sidewalk; that he slowed down from twelve to about seven or eight miles per hour as he approached her from the rear and sounded his horn; that he had begun to turn toward the crosswalk to go into the gasoline station, thinking that the plaintiff would stop walking as he was turning; but that the plaintiff apparently continued to walk into his path and must have been grazed by the right front bumper; and that he stopped his car within two feet thereafter.

The plaintiff's exceptions first to ninth inclusive relate to evidence and requests to charge which substantially concern the issue of liability. These need not be considered here, because the verdict was in favor of the plaintiff.

The real question before us is presented by the plaintiff's tenth exception, to the refusal of the trial justice to grant the plaintiff's motion for a new trial on the ground that the damages awarded are inadequate. The trial justice, in denying this motion, has approved the verdict and the amount of the damages. Unless his decision is clearly wrong or the verdict fails to do substantial justice between the parties because the damages are inadequate, the jury's verdict should not be set aside by us.

The evidence discloses that there were no scars or other permanent disability or injuries. The plaintiff suffered no loss of her wages while she was disabled, which she said covered a period of some four to six weeks, during which her employer paid her. Her injuries were in the nature of "multiple contusions about the face and body, bruises about the legs, incomplete dislocation of the right thumb and a mild concussion," and alleged pain in her shoulder and back.

The doctor's bill according to the bill of particulars amounted to $92, but at the trial the plaintiff asked and obtained permission to amend this and added charges in the amount of $49 for services rendered subsequently to March 7, 1936, thus making a total of $141 for this doctor's bill. To this sum was added $5 paid by the plaintiff to another doctor.

The plaintiff's testimony further discloses alleged damage to her wearing apparel, none of which, however, was entirely new and all of which previously had been worn or used. None of these articles appeared in the declaration or bill of particulars as damaged or destroyed. After the declaration and bill of particulars were amended during the trial, evidence appears that the cost prices of the articles allegedly destroyed were as follows: Coat and suit $39.75, hose $1, shoes $6.50, hat $5, gloves $5, handbag $7.50. Therefore the maximum which could be recovered for such damages was $64.75, even if figured according to original cost and if considered as totally destroyed.

The trial justice, however, expressed grave doubt if such articles were so completely destroyed as to support a recovery of their original cost; and inferentially he indicated that the jury would have been justified in believing that such articles were not entirely new or wholly damaged beyond use. The jury also may have been convinced by the evidence of the plaintiff's temporary injuries that the amount of the doctor's bill was not due entirely to the plaintiff's injuries from this accident, especially the charges for services rendered subsequent to March 7, 1936, which were in excess of $92 as first stated in the bill of particulars. The verdict represented full compensation for the maximum amount which could have been recovered for all tangible damages appearing in the evidence, plus an additional sum for her subjective pain and suffering. There was no substantial amount of convincing testimony that the plaintiff's pain was unusual or great either in extent or duration.

The trial justice in his rescript considered that the plain-

tiff had her day in court before a good jury which gave a full and fair consideration to all the evidence and issues of the case, including that of damages. Their verdict has received his approval because he believed that it compensated the plaintiff adequately for the damages proved by the evidence. He recognized that the verdict may not be considered a large one, or perhaps as large as some other jury might possibly have awarded; but he nevertheless makes it entirely clear that in his opinion the damages awarded are not so inadequate, in view of all the evidence, as to warrant his saying that substantial justice between the parties has not been done by this verdict. In reaching their respective conclusions both the jury and the trial justice had the advantage of seeing and hearing the witnesses.

From our examination of the transcript and the rescript of the trial justice, we cannot find enough in the evidence to justify our saying specifically that the trial justice was clearly wrong or that the verdict fails to do substantial justice between the parties. Accordingly the plaintiff's tenth exception must me overruled.

All of the plaintiff's exceptions are overruled and the case is remitted to the superior court for entry of judgment on the verdict.

*Charles Z. Alexander,* for plaintiff.

*Clifford A. Kingsley, Francis V. Reynolds,* for defendant.