J. RAYMOND DUBEE, *Receiver vs.* B. E. FEINSTEIN.

JULY 8, 1938.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

CONDON, J. This action of the case on book account was originally brought in the district court for the sixth judicial district. By stipulation of the parties, decision was entered in that court for the plaintiff. Defendant appealed to the superior court, where the case was tried by a justice of that court, without the intervention of a jury and resulted in a decision for the plaintiff in the sum of $154.14.

Defendant properly excepted to this decision, and brought his bill of exceptions to this court. In his bill of exceptions he has stated, as separate exceptions, the several grounds of error, which he alleges in support of his exception to the decision.

The bill of exceptions is as follows: "This cause came on to be heard before Mr. Justice Walsh on the 1st day of November, 1937, and decision was rendered therein for the plaintiff receiver in the sum of $154.14; and within seven days after the rendition of said decision, the defendant filed his notice and claim of exceptions, and now within the time fixed by the Court, the defendant comes and files this, his Bill of Exceptions, and for grounds of exception states: 1st. That the decision rendered was against the law. 2nd. That said decision was against the evidence and the weight thereof. 3rd. That said decision was against the law and the evidence. 4th. That the trial justice erred both upon the law and the evidence in the rendition of said decision, and to which the defendant duly excepted."

The plaintiff, in his brief in this court, objected to this manner of stating exceptions, but he did not move to dismiss the defendant's bill. Nevertheless, he contended that it did not state exceptions as required by general laws 1923, chapter 348, sec. 17. This section provides that any person or party who has taken exceptions in the superior court, "shall file in the office of the clerk of the superior court his

bill of exceptions, in which he shall state separately and clearly the exceptions relied upon . . . ."

Before we consider the defendant's exceptions, we shall dispose of this objection, notwithstanding the failure of the plaintiff to move to dismiss defendant's bill.

Exceptions must be stated separately and clearly. However, it is the exceptions themselves and not the reasons upon which the claim or claims of error in the decision are based that are to be so stated. *Blake* v. *Atlantic National Bank*, 33 R. I. 109. In that case this court very definitely set out the requirements to be followed in order to conform with the mandate of the statute. This procedure is now well established and seldom is there any departure from it.

In the instant case we are of the opinion that the defendant has in effect complied with these requirements. *Bannon* v. *Bannon*, 44 R. I. 468. He has gone further than necessary and has set out the grounds of his exception as exceptions. But it is clear that his exception is to the decision of the trial justice. Actually that is the one exception brought here by this bill. It is not necessary, nor is it desirable, for the party objecting to the decision of a case by a trial justice, sitting without a jury, to take separate exceptions to that decision, based on various grounds. See *Dunn Worsted Mills* v. *Allendale Worsted Mills*, 33 R. I. 115. A single exception to such decision will enable the party prosecuting a bill of exceptions to advance here any reason in support of his claim or claims of error in that decision. The method adopted by the defendant in the instant case tends to confuse the practice in stating motions for new trials addressed to the trial justice, with an entirely different procedure prescribed for bringing to this court for review, by bill of exceptions, the decisions and rulings of the superior court.

Defendant's exceptions are deemed to be properly before us and we shall now consider them as but one exception to the decision of the case by the trial justice. The defendant

contends that such decision is erroneous on the grounds that it is against the law, against the evidence and against the law and the evidence, and the weight thereof.

It appears from the evidence that the defendant was a member of the Progressive Assistance Association; that such association was incorporated under the laws of the state of Rhode Island but never formally organized by adopting by-laws; that it was a mutual benefit association not unlike, in its nature, a building loan association, except that it loaned money to its members on promissory notes and not on mortgages; that the defendant became a member, received a passbook, paid dues to the association and borrowed money from it; that as such member he was credited on the books of the association with certain amounts which he had paid periodically as dues or shares, and with certain other amounts, which he had paid in reduction of an outstanding loan that he owed to the association on a promissory note, dated January 4, 1930, in the sum of $150.

It further appears from the evidence that, while the association did not formally adopt by-laws, it did receive from the office of the secretary of state a duplicate of its articles of association filed in that office, which duplicate was duly certified by the secretary of state under the seal of the state; that the association thereupon did business under such articles for several years with its members, which business relations were evidenced by a passbook issued to each member and on the first page of which there appeared a list of ten rules, printed under the heading "Rules & Regulations"; that one of these books was issued to the defendant and it is in evidence here, marked as "Deft ex. '1' "; that later the association continued to use this same form of passbook (Pltff. ex. A), but added an eleventh rule and altered some of the ten previously existing rules, these being printed on the first page under the heading "By Laws"; that the association became involved in financial difficulties and a receiver, the plaintiff in the instant case, was appointed by the

superior court to collect the association's assets, among which were loans made to members; that at the time of the appointment of the receiver, the defendant was indebted to the association, as the maker of the above-mentioned promissory note, for $150 and had made several payments thereon, amounting to $14.

On this evidence, the trial justice found that defendant was justly indebted to the association for the balance of the loan as evidenced by his promissory note in the amount of $136, plus interest from the date of the plaintiff's writ, February 18, 1936, to the date of the decision; and that defendant was not entitled to a set-off for the amount of the payments, which the records of the association and the defendant's passbook showed he had paid as dues as a member or for shares in the association.

The defendant contends that the decision is erroneous, because the trial justice should have applied the amount of these payments against the amount of the balance of his loan from the association, and second, that the association had never adopted by-laws regulating the rights and obligations of its members, that it had never formally organized as a corporation, and that, therefore, the receiver had no standing in this matter.

This second contention is without merit. In so far as this defendant is concerned and under the circumstances of this case, he must be deemed to be a member of this association in the nature of a shareholder and, as such, he cannot, as against the receiver, who represents the general creditors, raise the question of incomplete organization or failure of organization of the association as a corporation under the articles which it filed with the secretary of state. Even if he could do so, we are of the opinion that the association has substantially complied with the requirements of the corporation law and has clothed the association with the character of a corporation.

It is provided by G. L. 1923, chap. 248, sec. 11, that, when the duplicate articles of incorporation have been certified and delivered to the incorporators by the secretary of state, said. incorporators, their associates, successors and assigns shall constitute a corporation. This step was taken in the instant case, and the fact that there was no evidence of any formal organization of the corporation or of the adoption of by-laws for transacting the association's business relations with its members, is not, under the circumstances of this case, available as a defense in this action. See *Baker* v. *Smith,* 41 R. I. 17. The defendant can be properly considered as a member of a mutual benefit association, who is also a debtor of the association, against whom the plaintiff as receiver of the association may properly proceed. The defendant cannot question the plaintiff's authority to act in that capacity against him. Consequently, the defendant's second contention, as above stated, cannot be sustained.

The first contention of the defendant is that the trial justice did not apply the correct rule of law to the financial relations existing between him and the association, as disclosed by the evidence. He contends, as we understand him, that he was entitled to have his payments of dues to the association on shares set off against his debt to the association. This contention raises a question which, in a case of this kind, seems never to have been decided in this state. The question has arisen in other states, but there is a lack of uniformity in the decisions. 9 C. J. 983; 43 L. R. A. (N. S.) 885.

We are of the opinion that the defendant's contention should not be sustained. As a member of a mutual benefit association, such as we deem the Progressive Assistance Association to have been in the actual conduct of its affairs, the defendant was not entitled to any preference in the final settlement of its affairs over other members of the association, because of the circumstance that at the time of the appointment of the receiver he was a debtor of the asso-

ciation, as well as a member. But under his contention he would be given such a preference if his loan account with the association was credited with his payments of dues to the association before the equity of other members had been determined. Certainly it would be most inequitable for the defendant to be accorded such an advantage over other members, who were not indebted to the association. And it would be even more inequitable to accord such an advantage to a member whose debt to the association exceeded the amount of his payments of dues, but such an inequitable result would be possible under the defendant's contention.

The more logical and equitable rule is to credit the borrowing member with only those payments made by him on account of the principal of his loan and the interest earned thereon, but not with such payments of dues as he has made in common with others, either for shares or as a beneficial member of the association. As to such payments, all members should be treated on a plane of equality as shareholders and should participate *pro rata* in the final distribution of the association's assets remaining after the just claims of creditors, if any such claims there be, have been satisfied. This is the rule of the cases cited in the note to *Groover* v. *Pacific Coast Saving Society,* 43 L. R. A. (N. S.) 874 at 886, where it is stated that such rule is supported by the overwhelming weight of authority. And in 9 C. J. 983, § 118, it is said that this rule is that of the more recent and better considered cases. From our consideration of the question we are inclined to agree with this view and therefore adopt it in the determination of the matter now before us. That the defendant's payments of dues in the instant case would have been sufficient to extinguish his debt does not defeat the application of this rule. *U. S. Bldg. & Loan Assn's Assignee* v. *Reed,* 110 Ky. 874, 62 S. W. 1020.

The trial justice, therefore, did not err in refusing to allow the defendant credit for the payments of dues appearing in his passbook, and his decision for the plaintiff for the bal-

ance of the defendant's loan with interest, amounting to $154.14, is correct.

All of the defendant's exceptions are overruled, and the case is remitted to the superior court for entry of judgment on the decision.

*Aram A. Arabian,* for plaintiff.

*Frank H. Wildes,* for defendant.

