JAMES F. WHITE, *p.a.* *vs.*
JOHN ALEXION *et al. d.b.a.*
GLEE CLUB BEVERAGES.

APRIL 10, 1952.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

CONDON, J. .This is an action of trespass on the case for negligence brought by a servant against his masters for personal injuries sustained by him in the course of his employment at their bottling shop. Since the defendants did not come within the provisions of the workmen's compensation act, the case was tried in the superior court under the principles of the common law governing the relation of master and servant. The jury returned a verdict for the plaintiff in the sum of $4,970. Thereafter defendants duly filed a motion for a new trial which was denied by the trial justice. The case is here on their bill of exceptions containing an exception to such denial and numerous other exceptions to rulings of the trial justice, to his charge to the jury, and to his refusal of several requests to charge.

In all, the bill sets out twenty-five separate exceptions but defendants are pressing only fifteen, the remaining ten being expressly waived. In their brief they have renumbered those on which they rely from 1 to 15 inclusive. As a result, such numbering does not correspond to the exceptions as they appear in the bill of exceptions. This causes confusion and entails upon this court unnecessary labor in reconciling the numbering of the exceptions. We do not approve this practice. We took occasion to say so plainly in *Savard* v. *Industrial Trades Union of America*, 76 R. I. 496, where in our treatment of the exceptions we reluctantly

followed such a renumbering. In this instance, however, we shall follow the numbering in the bill because we do not wish to tolerate a practice which, in our opinion, has nothing to commend it.

The defendants have briefed and argued their exceptions under eight points. Exceptions numbered 3, 4, 6, 7, 8, 9, 10 and 12 to rulings excluding certain testimony are grouped under point I. Exception 11 to the ruling admitting certain testimony is treated singly under point II. Point III relates to an alleged error in the trial justice's charge which is the subject of exception 17.

Points IV to VII inclusive relate to the refusal by the trial justice of defendants' four specific requests to charge. Incidentally, those requests are not with the papers in the case nor are they incorporated in the transcript. For a knowledge of their contents we have been forced to rely upon the statement in defendants' brief which is not disputed. However, to avoid possible controversy in this court over the contents of requests to charge they should always appear either in the transcript or with the papers in the case. Since there is no controversy in this instance we shall consider each request as it appears in defendants' brief.

Point VIII consists of exceptions numbered 22, 23, 24 and 25. Those exceptions, however, amount to no more than one exception to the denial of the motion for a new trial. Defendants mistakenly have excepted separately to the denial of each ground of their motion for a new trial. One exception to the denial of the motion, regardless of the number of the grounds of such motion, is sufficient for a review by this court of the trial justice's decision on all grounds presented in the motion and argued to him. See *Kenyon* v. *Parzych,* 69 R. I. 139, and *Dubee* v. *Feinstein,* 61 R. I. 214.

We shall treat each of those points in the above order after first summarizing briefly the main facts of the accident out of which plaintiff's cause of action arose. On May 11, 1950 at about 3:45 p.m. plaintiff, while operating a bottling

machine in defendants' shop, was injured by a piece of flying bottle glass. He was filling siphon bottles with carbonated water when one of the bottles exploded and a fragment of glass about one-quarter inch thick struck his upper right forearm and severed the ulnar nerve together with its blood vessels. The machine which he was operating was equipped with a cage or basket that was designed to protect the operator of the machine in the event of such an accident. The basket was secured by a clasp or clamp which was required to be closed or fastened in order to afford the operator such protection. On this occasion the basket was not so clamped or fastened, as plaintiff claimed it was out of repair and had been for some time before the accident. He claimed that defendant Alexion had promised to have such repairs made if he, plaintiff, would come to work for him. This was slightly more than two weeks before the accident. It seems that defendants had bought the bottling shop about January 1, 1950 from a former employer of plaintiff and that such employer had recommended plaintiff to defendant Alexion. Alexion denied that he had made any such promise and testified further that the clamp on the basket was working properly on the day of the accident and was not in need of repair.

Apparently plaintiff tried his case on the theory that the bottling machine was not a reasonably safe tool with which to work unless the clamp on the basket was in good working order; that he called Alexion's attention to the dangerous defect before he agreed to go to work; that he went to work on condition that the defect would be repaired in a reasonable time; that in so doing he did not assume the risk of the dangerous machine, provided the time which elapsed from the date of his beginning to work on the machine until the date of the accident was not so unreasonably long as to put him upon notice that defendants were not going to make repairs; and that such elapsed time of a little more than two weeks before plaintiff was injured was not unreasonable. On this theory plaintiff was bound

to prove each of the above elements by a fair preponderance of the evidence, and of course he had to prove that the clamp on the basket was not in good working order on the day of the accident.

Under point I, exception 3, defendants contend that it was prejudicial error for the trial justice to exclude in cross-examination of plaintiff a question as to whether he had told defendants when first employed by them that he knew more about the bottling business than they did. This comparative knowledge of such business had no relevancy to the issues on trial and was properly excluded.

Exception 4 is to the exclusion of another question* in cross-examination of plaintiff as to whether either of defendants had not occasionally warned him that he was operating the machine without closing the basket. Assuming without deciding that such question was proper cross-examination and that it was error to exclude it, we are nevertheless of the opinion that it was not prejudicial in the circumstances, especially since later in cross-examination of plaintiff's witness James B. King and in their own direct examination defendants developed the fact that they had so warned the plaintiff. Exception 4 is, therefore, overruled.

Defendants' exception 12 is to the exclusion of a question asked of witness King as to whether plaintiff had ever told him that the basket got in his, plaintiff's, way while he was working. The purport of the question is vague and apparently not germane to the issue on trial. If it could be reasonably considered as legitimate cross-examination it does not appear that its exclusion prejudiced the defendants. The exception is, therefore, overruled.

The remaining exceptions under point I, namely, 6, 7, 8, 9 and 10 are also clearly without merit. They relate substantially to defendants' attempts to show that plaintiff knew there were other bottling machines in the shop which were equipped with baskets and that he made no effort to examine them or to request defendants to do so with the object in view of getting a basket in good working order

as a replacement for the alleged defective one on the machine he was operating. Obviously plaintiff had no duty as an employee to take such action and the admission of testimony of that nature could only have confused the jury. All of these exceptions under point I are without merit and are overruled.

Under point II defendants contend that the trial justice erred in allowing plaintiff's witness James B. King, who was familiar with the bottling shop and its equipment and had been in there on some occasions doing plumbing for defendants, to testify in answer to the following question: "Mr. King, what was the general condition of that equipment, if you know?" Defendants argue that such question called for an expert opinion and the witness had not been qualified as an expert. We do not agree with this contention. If he knew the general condition of the machinery from actual observation he was competent to testify concerning it. His testimony, to that extent only, could be properly received for what it was worth and it was within the trial justice's discretion to allow the question.

Under point III defendants contend that the trial justice erred in charging the jury on the matter of damages as follows: "You have the number of weeks he was out of work and the amount of money that he was given per week. That is purely mathematics." They claim that the error consists in the fact that there is no express allegation in plaintiff's declaration of loss of earnings as a result of the accident. It is true that there is no direct specific allegation in plaintiff's declaration of loss of earnings or loss of earning capacity but there are allegations that plaintiff as a result of his injury "is unable to continue with his employment" and that "the hands and fingers of the Plaintiff are immovable and numb and cannot be used."

In our opinion such allegations furnished a sufficient basis for the introduction of evidence of the time lost by plaintiff from his employment by reason of such injuries. It is now commonly accepted that a general averment of inability to

work is sufficient to avoid surprise to defendant which is the only purpose of the rule. Puterbaugh, Common Law Pl. & Pr. (10th ed.), §705, p. 876. There is nothing in *Williams* v. *Altruda,* 74 R. I. 47, that conflicts with that proposition. On the contrary we intimated therein at page 57 that loss of earnings could be proved if averred in at least a general way. If defendants in the case at bar required more specific details they could have readily obtained them under our practice by a bill of particulars. In any event defendants do not appear to have suffered any prejudice by the generality of plaintiff's declaration since evidence of loss of earnings was presented to the jury without objection. In the circumstances they were entitled to appropriate instructions thereon. We are, therefore, of the opinion that there was no error in that portion of the charge to which defendants excepted and such exception is overruled.

Under points IV, V, VI and VII defendants complain that several specific requests to charge were erroneously refused by the trial justice. After carefully examining such requests as set out in defendants' brief and comparing them with the charge and also with the evidence we are satisfied that the trial justice adequately covered the law applicable to such evidence and that defendants were not entitled to have their requests granted. There does not appear to be any reason for a more detailed discussion of any of those points as in our opinion they are without merit.

The defendants under point VIII finally contend that the trial justice was clearly wrong in denying their motion for a new trial. They base their contention principally on the ground that the verdict of the jury was contrary to the weight of the evidence both on the question of liability and on the question of damages, and hence the trial justice's approval of the verdict clearly failed to do substantial justice. In passing upon the correctness of the verdict the trial justice has exercised his independent judgment, and after referring to the evidence he expressed the unequivocal

opinion that the verdict did substantial justice between the parties. He went even further and said that if it were his province to decide the case he would have come to the same conclusion. He also particularly pointed out that the damages represented an appraisal of the evidence which was reasonably consistent therewith and therefore he could not fairly say that they were grossly excessive.

We have carefully examined the evidence and have found no reason to disagree with the trial justice's view especially on the issue of defendants' liability. On that issue the question was largely one of credibility between plaintiff on the one hand and defendants on the other as to whether the clamp on the basket was out of repair and as to whether defendant Alexion had promised plaintiff that it would be repaired if he would be willing to return to the shop and work for them. In deciding that question the trial justice had a distinct advantage over this court since he saw and heard the witnesses testify. The jury apparently felt that the more credible evidence favored the plaintiff and by approving their verdict the trial justice has reached a like conclusion. In our examination of the transcript we have failed to find any evidence that would justify us in disagreeing with him and finding that he was clearly wrong. On the contrary as we read the testimony of defendant Alexion it appeared to be evasive and not entirely frank with reference to the condition of the machinery in the shop and his alleged promise to have it repaired. On the whole, therefore, we are fully satisfied that substantial justice was done on the question of defendants' liability.

On the question of damages we are less certain that they are not excessive. However, we have finally concluded that whatever excess there may be, it is not sufficient for us to say that it is gross, especially since at least $4,000 of such damages are for pain and suffering. The plaintiff admittedly suffered a serious and painful injury resulting also in a dangerous loss of blood. The severance of the ulnar nerve,

aside from the other injury to plaintiff's forearm, was a severe injury with potentially disabling consequences in spite of a successful operation. The medical testimony on this matter is impressive and was not contradicted by defendants. Apparently such testimony also impressed the trial justice and played an important part in his ultimate decision not to disturb the damages. In the circumstances we are disposed to concur in his decision and to allow such damages to stand regardless of what we might feel would have been a fair award were we originally reviewing the verdict.

All of the defendants' exceptions are overruled, and the case is remitted to the superior court for entry of judgment on the verdict.

*Arcaro & Belilove, Abraham Belilove,* for plaintiff.
*A. Louis Rosenstein, Leo L. Jacques,* for defendants.