MEMORIAL HOSPITAL *vs.* SAMUEL WOOLF *et al.*

AUGUST 16, 1957.

PRESENT: Condon, Roberts, Andrews and Paolino, JJ.

ANDREWS, J.   This is an action of the case in assumpsit on book account and the common counts.   It was commenced in the district court of the sixth judicial district where, by agreement of counsel, decision was given for the plaintiff, a foreign corporation, against the defendants Samuel Woolf and Eunice F. Kalver.   The defendants then appealed the case to the superior court where it was assigned to the nonjury calendar.   Thereafter the plaintiff requested a dedimus to take the deposition of its employee Julian L. Weller.   The deposition was taken, but at that time the defendants were not represented.

When the case came on for hearing in the superior court the deposition was read.   It appears therefrom that Jeanette Woolf, of the city of Providence in this state, was admitted to the plaintiff hospital on December 1, 1954 where she remained for forty-nine days.   The deposition and the

hospital records which were introduced show that Samuel Woolf of Providence was the patient's husband and that at the time of his wife's admission Mrs. E. J. Kalver of Providence, who was a daughter of the patient, agreed to pay the hospital charges. The witness Weller testified: "Based on her promise, and the responsibility of Samuel Woolf, the patient's husband, for necessaries furnished to his wife, all the subsequent hospital care and services were rendered to the patient." He also testified to the reasonableness of the charges.

At the end of plaintiff's case defendants' counsel moved for a nonsuit on behalf of defendant Eunice F. Kalver on the ground that there was no specific count or statement in the declaration that "ties in" said defendant. The motion was denied whereupon he said: "We have no defense Your Honor." The court and counsel proceeded to discuss the amount of interest on the principal claim of $814.20. There was some difference between the attorneys as to what the interest was, so the court decided that question and gave decision for the plaintiff against both defendants for $850.66 and costs. No exception was taken at that time although the next day another attorney on behalf of defendants took an exception to the decision. That is the only exception.

The defendants' first point is that there was no testimony to connect defendant Eunice F. Kalver with the Mrs. E. J. Kalver mentioned in the deposition. While we are loath to allow a party, whose counsel has told the trial court that there is no defense, to raise this point for the first time here, we must recognize the right of defendant to claim an exception to the decision within the time allowed by law as was done in this case. It has been the consistent position of this court that an exception to a decision brings before it any error that may inhere in the decision. *General Motors Truck Co.* v. *Shepard Co.*, 47 R. I. 153, 155; *Dubee* v.

360

*Feinstein,* 61 R. I. 214, 216. Such an error, however, must be prejudicial to warrant reversal.

The defendant Eunice F. Kalver's name on the writ and her name in the deposition and the hospital records are different. Consequently there is lacking that similarity of names which is prima facie proof of identity. In 20 Am. Jur., Evidence, §204, it is stated at page 204: "There is presumption of identity of persons where the names are the same, but no such presumption prevails as between the Christian name of one and the initials of another, the surnames being the same." There is, therefore, a vital lack in the evidence against defendant Eunice. The same argument is made in behalf of defendant Samuel but inasmuch as the names in the writ and in the evidence are identical we reject that argument.

As a further defense to the decision against defendant Samuel, his attorney argues that there was no allegation or proof that his wife was not living apart from him without good cause. While such conduct defeats a claim for necessaries, no evidence of that kind was offered or disclosed in this case. It was shown that he was the patient's husband. A wife's hospital expenses are necessaries for which a husband is liable, if they are reasonable. Their reasonableness was established in the case at bar. We are, therefore, satisfied that the plaintiff made out a prima facie case against defendant Samuel.

The defendants point out that there is a misjoinder and the plaintiff admits that such is the case. The husband cannot be sued on his common-law liability and the daughter upon her express promise in the same action. There was no joint liability. The question was not raised, however, in the superior court although defendants had ample opportunity to do so. In the cases in this jurisdiction of misjoinder and variance which were cited by defendants the questions were raised in the lower court, and we are of the opinion that the defendants' failure to raise such

question there precludes them from raising it in this court, particularly as our statute on parties provides that misjoinder shall not be fatal but that the party misjoined may be dropped. The variance also could be cured. See our recent opinions in *Thomas* v. *Newport Oil Corporation*, 85 R. I. 455, and *Carey* v. *Albro*, 85 R. I. 459. As we have already indicated, defendant Eunice F. Kalver must be dropped as a party, which will leave the decision against Samuel Woolf alone since such misjoinder did not prejudice him.

The exception of the defendant Eunice F. Kalver to the decision is sustained, and the plaintiff may appear before this court on October 7, 1957 to show cause, if any it has, why when this case goes back to the superior court that court should not be directed to enter judgment for Eunice F. Kalver.

The exception of the defendant Samuel Woolf to the decision is overruled, the decision of the superior court against him is sustained, and the case is remitted to that court for entry of judgment on the decision.

*David Hassenfeld,* for plaintiff.

*Rosenstein & Jacques, Aram K. Berberian,* for defendants.