ALBERT D. BLANCHETTE *vs.* R. I. PASTRY CO., INC.

MAY 2, 1958.

PRESENT: Condon, C. J., Roberts, Andrews and Paolino, JJ.

ANDREWS, J. This is an employee's original petition for workmen's compensation. The trial commissioner granted the petitioner compensation for total incapacity for a certain period and thereafter for partial incapacity. From such decree the respondent appealed to the full commission which held that the commissioner should not have reduced the compensation to partial; otherwise it affirmed the original decree and entered a decree accordingly. From that decree the respondent has appealed to this court.

The petitioner alleges that on August 27, 1956 while in the employ of respondent he suffered an injury which is described in his petition as a "Slipped disc." This incident occurred on the ninth day of his employment, just after he had finished his training period. He testified that on that morning when he straightened up after loading heavy trays of pies he felt he had pulled a muscle. Later, on cross-examination, it appears that the injury was to his back. He worked the rest of that day but the next morning he could not move and his legs felt paralyzed. He was treated by two general practitioners but without much relief. He then entered a private hospital for some time. The doctors, their reports, and the hospital records were not produced. Finally on September 24, 1956 he entered the Veterans Hospital in the city of Providence and a report of that hospital is in evidence. The diagnosis there was "a herniation of the disc at L-5, S-1." An operation proved the correctness of this diagnosis. The causal relation between the tray-lifting incident and the herniation of the disc is unclear. The hospital report makes no ref-

erence to this incident and states that the patient "recalls no specific injury to the back and apparently the onset was insidious."

The petitioner had two prior back injuries while in the employ of the Zenith Plastics Co. in Gardena, California, the first on October 17, 1955 and the second on February 8, 1956. These were also compensation matters and the record contains several reports of the doctor who treated him at the time. Most of the reports have to do with the second California injury which appears to have been similar to the first. That doctor's diagnosis was a displaced intervertebral disc involving the space between L-5 and S-1. Following conservative treatment in California, petitioner was able to return to his work but one day in May he complained of practically the same symptoms he experienced on the morning after the incident of August 27, 1956. However, he recovered from that attack and thereafter in June 1956 he returned to this state. He said he had no difficulty in driving his automobile across the continent. When he went to work for respondent in the middle of August 1956 he was asked if he had had any serious injuries or operations and he said "no."

The trial commissioner found that petitioner had sufficiently recovered from his injuries in California to be able to go to work for respondent and he included in his decree the finding that "the nature and location of the injury was a ruptured intervertebral disc at L-5, S-1."

The respondent's first contention is that there was no evidence to warrant the finding that petitioner suffered a herniated disc on August 27, 1956 or that this was the result of what happened to him on that date. Its second contention is that the full commission was without authority to amend the decree since petitioner had not appealed therefrom.

As we have indicated, petitioner's evidence was rather sketchy. However, it would justify findings that this ver-

tebra had been displaced in the California injuries; that the displacement had subsided; and that the incident of August 27, 1956 displaced it again, but this was not spelled out either by the single commissioner or the full commission. The respondent emphasizes the fact that petitioner does not charge an aggravation of his condition. The record would warrant a finding that the incident of August 27 aggravated the condition of petitioner's back caused by the California injuries. In fact such a conclusion is almost inescapable. The respondent would be liable for such aggravation. *Bucci* v. *H. P. Hood & Sons, Inc.*, 75 R. I. 8. The record discloses no prejudice to respondent from the failure of petitioner to allege aggravation in his petition, and neither does it show that it would have suffered any prejudice had the petition been amended to allege an aggravation at any time during the proceedings. General laws 1956, §28-35-17, allows amendments at any stage of the proceedings.

The last paragraph of §28-35-30 of the workmen's compensation act reads: "Appeals shall not be taken to the supreme court except as herein provided, and the supreme court shall disregard any irregularity or error of the workmen's compensation commission unless it be made to affirmatively appear that the appellant was damaged thereby." Three times recently we have allowed plaintiffs, even after the cases had reached this court, to amend to cure variances. *Thomas* v. *Newport Oil Corp.*, 85 R. I. 455, 133 A.2d 631; *Carey* v. *Albro*, 85 R. I. 459, 133 A.2d 634; *Memorial Hospital* v. *Woolf*, 86 R. I. 357, 134 A.2d 397. However, in view of the quoted provisions of the act, we are of the opinion that an amendment is unnecessary, since the respondent has suffered no prejudice by any misdescription of the injury in the petition.

Because of the absence of an appeal by the petitioner from the decree of the trial commissioner, the full commis-

sion was without authority to amend the decree and such amendment should be vacated.

The respondent's appeal is sustained in so far as the necessity for vacating such amendment is concerned. The decree appealed from is reversed, and the cause is remanded to the full commission with direction to reinstate and affirm the trial commissioner's decree.

*Moses Kando*, for petitioner.

*William A. Gunning, Raymond A. LaFazia,* for respondent.