WILLIAM H. CAIN *vs.* MARGARET Y. MOTTA.

MAY 3, 1961.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Frost, JJ.

PAOLINO, J. This action of trespass on the case for negligence was brought by the plaintiff to recover damages for personal injuries sustained in a collision in which the defendant's automobile was involved. The case was tried before a justice of the superior court sitting with a jury and resulted in a verdict for the plaintiff in the sum of $11,000. The trial justice thereafter denied the plaintiff's motion for an additur or in the alternative a new trial on the issue of damages only and the case is before this court solely on the plaintiff's exception to such decision.

The plaintiff's bill of exceptions contains exceptions numbered 1, 2, 3 and 4. Exceptions 3 and 4, being neither

briefed nor argued, are deemed to be waived. Exceptions 1 and 2 amount to no more than one exception to the denial of the motion for a new trial. See *White* v. *Alexion,* 79 R. I. 297, 299. We shall treat them accordingly.

The accident in question occurred on April 25, 1959 in the city of Providence. The defendant concedes that plaintiff sustained serious injuries resulting in his hospitalization for approximately six weeks. It appears from the evidence that he made a good recovery, and that after his discharge from the hospital he received no further medication or treatment but was kept under observation for four months. He returned to his usual work as a route salesman on November 16, 1959 and thereafter lost no further time. It is admitted that his special damages amounted to approximately $4,700, consisting of about $1,800 for medical expenses and $2,900 for loss of wages.

The trial lasted five days. The record consists of numerous exhibits and medical reports in addition to the testimony of several medical and lay witnesses. After thirty minutes of deliberation the jury notified the sheriff that it was ready to return a verdict.

The plaintiff contends that the nature of the injuries and the speed with which the jury deliberated indicate that it was derelict in its function as triers of the facts, and that the trial justice's ruling that the verdict was adequate failed to take into account the lack of true deliberation by the jury. The plaintiff is really saying that the medical evidence in the case at bar is so complex that it was virtually impossible for the jury, in evaluating the damages to which plaintiff was entitled for special damages and for pain and suffering, to pass on such evidence in thirty minutes.

It is well established that promptness in arriving at a verdict is not in and of itself a sufficient ground for a new trial. As was said in *Mahoney* v. *Smith,* 78 R. I. 56, at page 59: "It is the evidence and not the time that the jury may have taken in reaching its verdict that is controlling in the

consideration of a motion for a new trial." See also *O'Connell* v. *Ford,* 58 R. I. 111, 115, and *Carrara* v. *Noonan,* 69 R. I. 111. The distinction which plaintiff attempts to make between the facts in the case at bar and those in the *Mahoney, O'Connell* and *Carrara* cases is without merit.

A court cannot probe the minds of jurors. The only test is whether the verdict is truly responsive to the evidence, regardless of the length of time taken by the jury in arriving at a verdict. We shall therefore consider plaintiff's contention that on the question of damages the verdict is inadequate and contrary to the evidence.

The trial justice carefully reviewed the evidence and approved the verdict and the amount thereof. After considering the condition of plaintiff at the time of the trial, observing that he had recovered very rapidly and that in addition to his out-of-pocket expenses had received the sum of $6,300 for pain and suffering, the trial justice stated that he thought the verdict was adequate and did justice between the parties.

After examining the record we are satisfied that in passing on the motion for a new trial the trial justice performed his duty in accordance with our well-established rule. In such circumstance we are not warranted in disturbing his decision unless it is clearly wrong or fails to do substantial justice between the parties because of the inadequacy of the damages awarded. *Finizia* v. *Braverman,* 60 R. I. 162.

The fact that the evidence might conceivably have supported a larger verdict does not help the plaintiff in this proceeding. See *Fielding* v. *Kaplan,* 72 R. I. 352, 356, where the court said: "That other reasonable minds might conceivably have awarded each plaintiff a larger sum does not affect adversely the soundness of the jury's verdicts as a matter of law * * *." Since we are satisfied that the damages awarded are reasonably responsive to the evidence and are not the result of passion or prejudice or sympathy or favoritism toward either of the parties, we would not be jus-

tified in substituting our judgment of the damages for that of the trial justice and the jury. See *Beaumier* v. *Provensal,* 58 R. I. 472, 477; see also *McGowan* v. *Interstate Consolidated Street Ry.,* 20 R. I. 264, 265.

The plaintiff's exception to the denial of his motion for a new trial is overruled, and the case is remitted to the superior court for entry of judgment on the verdict.

*William R. Goldberg, Ronald R. Gagnon,* for plaintiff.

*Gunning & LaFazia, Raymond A. LaFazia, Bruce M. Selya,* for defendant.