ALMA RUSTIGIAN *vs.* JOHN H. MOLLOY.

JANUARY 4, 1963.

PRESENT: Condon, C. J., Roberts, Powers and Frost, JJ.

FROST, J. This is an action of trespass on the case for negligence brought by the plaintiff to recover for personal injuries and property damage allegedly sustained when the automobile she was driving was struck by an automobile driven by the defendant. The case was tried in the superior court before a justice thereof sitting with a jury and resulted in a verdict for the defendant. Thereafter the trial justice granted the plaintiff's motion for a new trial and the case is before this court on the defendant's single exception thereto.

During the noon hour on March 4, 1959 plaintiff, a widow sixty-three years of age who had driven cars for thirty-one years, was driving her Lincoln automobile on Gallatin street in the city of Providence toward Elmwood avenue, and as she was passing Niagara street was in collision with a machine driven by defendant coming out of Niagara street on her right. Gallatin street was free of parked cars and both streets were without stop signs at or near their intersections. It does not appear in testimony that there were any other automobiles on either street at the time of the accident.

The plaintiff testified that she had been proceeding at about twenty miles per hour; that as she entered the intersection she slowed to about eight miles per hour; that she looked to the right and saw a car a little more than the distance of the courtroom away; that she could not say how fast the other car was traveling; that when she looked to her right a second time it was "mostly" on top of her; that she then slowed down to about five miles an hour; that her car was not actually stopped when she was struck; and that it then turned in a complete circle and was facing Broad street.

The defendant testified that he was forty-seven years of age and had driven for twenty-nine years; that the accident

occurred in a residential neighborhood with residences on the four corners; that the intersection was approximately four car widths, both streets being about the same width; that the car was owned by Mrs. Eleanor Slateny, who was in the front seat; that he was traveling about twenty miles an hour on Niagara street; that when he reached the intersection he slowed to about five miles an hour; that as he looked to his left he saw a Lincoln car six or seven car lengths away from the intersection coming toward him at about twenty to twenty-five miles an hour; that when he was half way through the intersection he looked again and the other car appeared to be just entering; that it was going much faster than he was; and that the right front of the Lincoln car came in contact with the left front of his car.

Mrs. Slateny testified that she was sitting on the front seat of her automobile; that she wanted defendant to drive it to make sure that the new transmission put in her car was all right because she had been complaining it did not work properly; that when her car was half way through the intersection she turned to the left and saw plaintiff's car about to enter; and that when it was about in the center of Gallatin street she called, "Look out," and then everything happened.

At the conclusion of the trial justice's charge, the jury retired at 10:45 a.m. and returned at 11:20 a.m.

The defendant contends that the trial justice was in error in granting plaintiff's motion for a new trial. His decision indicates that, while he was inclined to think that the testimony showed that the accident occurred because defendant was intent on observing the car's behavior following repairs made on it, what really caused him to feel that justice required a new trial was that the jury had reached a verdict in the space of thirty-five minutes.

His concluding paragraph is: "In view of the short time that the jury had the case, my appraisal of the three parties

concerned in the action, and the considered evaluation of the testimony, my considered judgment of this case, and of the testimony, leads me to the conclusion that the plaintiff in this particular case is entitled to a new trial in order that justice may be done between the parties."

For a jury to return a verdict in thirty-five minutes in a case that had taken part of three days to try was a short time but far from being unprecedented. There were but three witnesses to the liability and their testimony was not lengthy. The issue was a relatively simple one and the type of accident was not unusual nor difficult of understanding.

In *O'Connell* v. *Ford*, 58 R. I. 111, a death case, the jury was out ten minutes and returned a verdict for the defendant. The court said at page 115: "We cannot say that merely because the jury returned a speedy verdict it was actuated by prejudice. On its face there was nothing of a complicated character in the evidence requiring unusual time to consider. The jury might well have come at once to a conclusion that on all the testimony they could not say that the plaintiffs had proved their case by a preponderance of the evidence."

In *Carrara* v. *Noonan*, 69 R. I. 111, it appeared that the plaintiff broke her leg while skating. There was a verdict for the defendants and on a motion for a new trial it was argued that since the jury returned a verdict in thirty minutes it had failed to give sufficient consideration to the issues in the case. The court in denying the motion said at page 115, "The case was not at all a complicated one and the only finding that the jury had to make in order to return a verdict for the defendants was that the plaintiff had not proved, by a preponderance of the evidence, that the cause of her fall was what she had testified it was." See also *Mahoney* v. *Smith*, 78 R. I. 56, where the jury returned a verdict in thirty minutes, and *Cain* v.

*Motta,* 92 R. I. 475, 170 A.2d 127, in which the trial lasted five days and the jury returned a verdict in thirty minutes. As defendant stated in his brief, promptness in arriving at a verdict is not in itself a sufficient ground for a new trial.

We of course do not know on what ground the jury based its verdict. It may have been that the jury believed defendant to be free from negligence, or they may have considered plaintiff to have been negligent in not coming to a stop since she was proceeding at only eight miles per hour, or they may have concluded that both parties were negligent and that neither could recover against the other. There would seem to have been some basis for any one of those conclusions.

On the question of right of way, the damage to plaintiff's car and the pictures introduced in evidence afford some basis for finding that the two machines reached a point in the road at approximately the same time. If that is so there would seem to be no question as to which had the right of way. "When two vehicles enter an intersection from different highways at approximately the same time the driver of the vehicle on the left shall yield the right-of-way to the vehicle on the right." G. L. 1956, §31-17-1 (b). *Kelly* v. *Simpson,* 50 R. I. 10.

It is apparent from the transcript that the testimony in the instant case presented a clear question of fact.

The trial justice's decision makes very clear how he would have decided it had it been for him to decide. However, he nowhere states that there was a clear preponderance of testimony for either party or that the verdict failed to do substantial justice. We have examined the transcript with care and we are unable to say that the evidence strongly preponderates against the verdict. The verdict does substantial justice between the parties.

In *Bradley* v. *Brayton,* 61 R. I. 44, at page 46, this court, in speaking of the duty of a trial justice on a motion for

new trial, said, "It was his duty to determine whether or not, in his independent judgment, the verdict of the jury was supported by a fair preponderance of the evidence and did substantial justice between the parties." See also *Audette* v. *New England Transp. Co.*, 71 R. I. 420.

Again we have said that where the evidence is sharply conflicting and is such that reasonable minds could reach different conclusions as to which of the parties had presented the more credible testimony, the trial justice on a motion for a new trial should not disturb the verdict. *Hirschmann* v. *Sun-Dial Optical Co.*, 89 R. I. 31, 33.

In *Hovas* v. *Cirigliano*, 70 R. I. 227, which was a case of collision on the highway between two vehicles wherein the trial justice granted a new trial, the court at the conclusion of a long opinion said at page 237: "On the contrary, the evidence on the question of Major Hovas's contributory negligence presented a clear issue of fact for the jury's determination; and such evidence was so nearly balanced that fair-minded persons could reasonably come to different and opposite conclusions. In our opinion the trial justice clearly misconceived the weight of the evidence on this issue. We therefore are of the opinion that the defendant's exception to the decision of the trial justice should be sustained." See also *Anderson* v. *Johnson*, 59 R. I. 241.

Upon a careful review of the evidence in the case at bar we are clearly of the opinion that the trial justice was in error in granting a new trial.

The defendant's exception to the granting of plaintiff's motion for a new trial is sustained, and the case is remitted to the superior court for entry of judgment on the verdict.

*Aram A. Arabian, John K. Najarian* for plaintiff.

*Thomas E. F. Carroll,* for defendant.